## Matter of Elk 300 Bleeker LLC v Niblack

2025 NY Slip Op 31192(U)

April 9, 2025

Supreme Court, New York County

Docket Number: Index No. 156084/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:    **HON. PAUL A. GOETZ** | PART     **47** |
| *Justice* | |

---------------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF ELK 300
BLEEKER LLC FOR A JUDGMENT UNDER ARTICLE 78
OF THE CIVIL PRACTICE LAW AND RULES,

            Petitioner,

            - v -

PRESTON NIBLACK, CITY OF NEW YORK

            Respondents.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 156084/2024 |
| **MOTION DATE** | 07/02/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34

were read on this motion to/for           ARTICLE 78 (BODY OR OFFICER)      .

Petitioner owns a building located at 300 Bleeker Street, New York NY 10014 (the building), which is comprised of nine residential units and two commercial units (NYSCEF Doc No 1 ¶¶ 2, 7). Petitioner alleges that the NYC Department of Finance (DOF) improperly assessed the premises by "counting the total number of units (residential plus commercial), as opposed to only counting the *residential units*" (*id.* ¶ 9). As a result, "[p]etitioner's assessment increased without regard to the 'capping protection' afforded under [Real Property Tax Law (RPTL)] § 1805(2)" for properties containing fewer than eleven residential units (*id.*; RPTL § 1805(2) [the assessment for parcels with fewer than eleven residential units shall not increase by more than 8% in any one year or more than 30% in any five-year period]). The building was therefore according to petitioner "overtaxed by approximately $174,000 from FY 2017 to FY 2023" (*id.* ¶ 10).

156084/2024   IN  THE MATTER OF THE APPLICATION OF ELK 300 BLEEKER LLC FOR A
JUDGMENT UNDER ARTICLE 78 OF THE CIVIL PRACTICE LAW AND RULES vs. NIBLACK,
PRESTON ET AL
Motion No. 001

Page 1 of 4

[* 1]

Petitioner alleges that it submitted a request to have this error corrected, but the DOF denied the request, stating that its "current policy is that for a property to be designated as Tax Class 2B, it must be primarily residential (that is, at least 50% of the gross building area is used for residential purposes) and that [petitioner's building] has between 7 and 10 total number of units (commercial plus residential)" (*id.* ¶ 14). Petitioner asserts that the DOF's "rationale for the decision simply violates the law and must be reversed" pursuant to the NYC Administrative (Admin) Code § 11-206 and 19 Rules of the City of New York (RCNY) § 53, which permit the DOF to correct property assessment errors.[1] In the instant proceeding, petitioner "requests that DOF correct [its] error in [its] description [of the building] and provide RPTL §1805(2) protection" to the building, arguing that the DOF's decision was arbitrary and capricious, violated its own rules and regulations, and treated petitioner in a disparate manner (NYSCEF Doc No 1 ¶ 24).

Respondents cross-move to dismiss the petition pursuant to CPLR § 3211(a)(7) on the grounds that it fails to state a cause of action for which relief can be granted. Specifically, respondents assert that petitioner entered into settlement agreements with the DOF in which it waived and released any rights to seek further review of the final assessments of the building for the years of 2016 to 2023 (NYSCEF Doc Nos 20, 21). Petitioner nevertheless "sought to circumvent the material terms of the settlement by seeking an administrative [clerical error review (CER)] from DOF regarding the final assessment of the [building] in some of the settled years," and now, it again attempts to circumvent the settlements by seeking relief from this court

---

[1] NYC Admin Code § 11-206 provides: "The [DOF] may correct any assessment or tax which is erroneous due to a clerical error or to an error of description contained in the several books of annual record of assessed valuations, or in the assessments-rolls." 19 RCNY § 53 provides: "The [DOF] can correct errors in your property assessment or property tax in the event of a clerical error or an error in your property's description."

**156084/2024   IN THE MATTER OF THE APPLICATION OF ELK 300 BLEEKER LLC FOR A JUDGMENT UNDER ARTICLE 78 OF THE CIVIL PRACTICE LAW AND RULES vs. NIBLACK, PRESTON ET AL**
**Motion No.  001**

[* 2]

(NYSCEF Doc No 19). Petitioner argues that "the law prohibits this court from sustaining DOF's administrative denial on the basis of [the] settlement releases" because the settlements were not invoked in the DOF's initial denial (NYSCEF Doc No 27). Petitioner further argues that enforcement of the settlement releases would constitute disparate treatment of petitioner in light of evidence of the "DOF's normal course of conduct [] not to enforce [] settlements against subsequent CER requests" (*id.*).

"A fundamental principle of administrative law long accepted by this court limits judicial review of an administrative determination solely to the grounds invoked by the agency, and if those grounds are insufficient or improper, the court is powerless to sanction the determination by substituting what it deems a more appropriate or proper basis" (*Trump-Equitable Fifth Ave. Co. v Gliedman*, 57 NY2d 588, 593 [1982]). Here, however, respondents do not seek to invoke the settlement agreements as alternative grounds for the DOF's original assessment decision, but as grounds for dismissal of any judicial proceeding petitioner may bring against them *based on* that decision. As respondents note, petitioner's argument was raised and rejected in a closely analogous case, *Matter of Oversight Mgt. Servs., LLC v Soliman*, 220 AD3d 445 [1st Dept 2023], wherein the First Department held that "petitioner waived its right to seek judicial review of respondent's tax assessments for the fiscal years [covered by] its settlement agreements with the Tax Commission" (*id.* at 446 ["We have considered petitioner's remaining arguments and find them unavailing"]).

Accordingly, it is

**156084/2024   IN  THE MATTER OF THE APPLICATION OF ELK 300 BLEEKER LLC FOR A JUDGMENT UNDER ARTICLE 78 OF THE CIVIL PRACTICE LAW AND RULES vs. NIBLACK, PRESTON ET AL
Motion No.  001**

**Page 3 of 4**

3 of 4

[* 3]

ORDERED that respondents' cross-motion to dismiss the petition is granted, the petition is denied and dismissed, with costs and disbursements to respondents as taxed by the Clerk of the Court and the Clerk is directed to enter judgment accordingly.

20250409165640PGOETZA14B90D0E79C4A9D9475461D65B0EEDF

**4/9/2025**
**DATE**

**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |